## CIRCUIT COURT OF HENRICO COUNTY

Commonwealth of Virginia,
*ex rel.* Mary Sue Terry,
Attorney General

v.

Community Benefit Services, Inc.,
d/b/a CBS Telemarketing, Inc., and
d/b/a Children's Traveling Museum,
James R. Nordmark and
Susan Nordmark

November 2, 1992

Case No. CH91000574

BY JUDGE L. A. HARRIS, JR.

The above matter came before the Court for presentation of evidence on September 9 and 10, 1992, and on October 30, 1992, for final argument after the filing of memorandum by all parties. After a review of the evidence, argument of counsel, both oral and written, and the applicable authorities, the following decision is made.

### Fail to Register

The court finds that the evidence presented adequately shows that the defendants did in fact solicit in this Commonwealth without being duly registered as required by Section 57–49 of the Code of Virginia, which results in a violation of Section 57–57(K) of the Code of Virginia.

### Fraud, Misrepresentation, or Misleading Statements

After a careful consideration of all of the evidence presented, the Court finds that the plaintiff has borne its burden in showing that the

defendants did employ in the solicitation or collection of contributions devices, schemes, or artifices which allowed them to obtain monetary contributions through material misrepresentations and misleading information. The evidence shows that this was accomplished through affirmative acts as well as material omissions. The totality of the evidence shows that an affirmative effort was made by the defendants to convey the impression that calls were being made locally when they were not. This is shown both by the local post office addresses being used, as well as actual comments from the solicitors. Likewise, the evidence shows that the defendants conveyed to the "donor" the impression that they were a nonprofit organization when in fact they were not. It is obvious that for a substantial period of time, there was no affirmative disclosure that they were a "for profit" organization which in effect resulted in the concealment of that fact. In the same manner, the ticket distribution scheme, the purpose of the donations conveyed to the donor, and the actual "museum" itself and its appearances in Virginia were not accurately described. As in many instances, one isolated fact may not result in a particular conclusion, but when the entirety of the evidence is viewed in the case at bar, there is no question that money was obtained by the defendants through a scheme which was filled with material misrepresentations and misleading information, both by affirmative act and by omission. Therefore, the Court finds that the defendants have violated Section 57–57(L) of the Code of Virginia.

### Penalties

After a consideration of all the evidence presented by both parties, the Court feels that the appropriate remedy for the above violations is for the Commonwealth to collect from the defendants the sum of $20,000 to be paid to the Commonwealth to be distributed to legitimate charities to be approved by the Court. There will be no civil penalties imposed in addition to this.

### Liability

The evidence in this case shows clearly and convincingly that Community Benefit Services, Inc., was the alter ego of both James R. Nordmark and Susan Nordmark in that they completely dominated and controlled the corporation. Likewise, the evidence is clear that the Nordmarks used the corporation to disguise the legal wrongs

that have been found to have been committed during this trial, violations of Sections 57–57(K) and 57–57(L) of the Code of Virginia. Therefore, liability in this action is assessed jointly and severally against Community Benefit Services, Inc., James R. Nordmark, and Susan Nordmark.

## Injunction

In addition to the injunction previously entered, the Court will enter an order prohibiting *all* defendants from:

a. Soliciting any contributions in the Commonwealth of Virginia without disclosing the location of the caller and the location of the entity soliciting if that is a different location from the caller, and

b. Soliciting any contributions in the Commonwealth of Virginia without disclosing the "for profit" nature of the business.